KERNOZEK v HERSHEY

APPEAL AND ERROR—WITNESSES—CREDIBILITY—WEIGHT OF TESTIMONY.
The Court of Appeals should not substitute its judgment for that
of the trial judge where the case becomes a test of credibility of
the witnesses and weight of the testimony and where the trial
judge has observed all who testified and assessed weight and
credibility.

Appeal from Wayne, Horace W. Gilmore, J.
Submitted Division 1 November 13, 1972, at De-
troit. (Docket No. 13090.) Decided April 24, 1973.

Complaint by Victor Kernozek and Helen Ker-
nozek against Harvey Hershey and Lois Hershey
for visitation privileges to see plaintiffs' grandchil-
dren, the children of Harvey Hershey and his first
wife, plaintiff's only child, who is deceased. Com-
plaint dismissed. Plaintiffs appeal. Affirmed.

*John J. Kraus,* for plaintiffs.

*I. R. Starr,* for defendants on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and
O'HARA,* JJ.

O'HARA, J. This is an appeal of right from an
order of the trial judge denying visitation privi-
leges to the grandparents of two grandchildren
aged eight and nine. They are the children of the

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, Witnesses § 213.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

grandparents' deceased daughter. Their father has remarried.

We have deep sympathy for the children who are caught in a cross fire resulting from the apparent irreconcilable differences between the stepmother, the father, and the grandparents.

To what end do we quote the testimony of the parties with its religious and ethnic crimination and recrimination? The grandparents allege and doubtless it is so that they miss seeing the children. The parents counter that after visits to them the children are upset and disturbed.

To what end do we quote the cold print of the statute[1] which permits the grant of visitation subject to the overriding best interests of the children?

At best this case becomes a test of credibility of the witnesses and the weight of the testimony. The trial judge observed all who testified. He assessed weight and credibility. He concluded it was not in the children's best interests to order visitation privileges. It would be ill-considered of us to substitute our judgment for his. We are hopeful that the unpleasantness and tension will abate as the children grow older in years and the contesting parties will substitute wisdom and charity for ill-will.

We find no basis to reverse the trial court.

Affirmed—costs to the appellees.

V. J. BRENNAN, J., concurred.

LEVIN, P. J., did not participate.

---

[1] MCLA 722.27a; MSA 25.312(7a)